# EXHIBIT A-2

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
## CIRCUIT IN AND FOR MIAMI-DADE COUNTY

TERRA TOWERS CORP. and TBS
MANAGEMENT, S.A.,

      Plaintiffs,

v.

ADAM MICHAEL SCHACHTER, GELBER      Case No.
SCHACHTER & GREENBERG, P.A.,
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED, TELECOM BUSINESS
SOLUTION, LLC, LATAM TOWERS, LLC,
AMLQ HOLDINGS (CAY) LTD., and DT
HOLDINGS, INC.,

      Defendants.

## COMPLAINT

Plaintiffs, Terra Towers Corp. ("Terra Towers") and TBS Management, S.A. ("Terra

TBS") (collectively "Terra" or "Plaintiffs") file the instant Complaint against Defendants Adam

Schachter ("Schachter"), Gelber Schachter & Greenberg, P.A. ("GSG"), Continental Towers

LATAM Holdings Limited ("Continental Towers" or the "Company"), Telecom Business

Solution, LLC ("Peppertree TBS"), LATAM Towers, LLC ("Peppertree LATAM," and

together with Peppertree TBS, "Peppertree"), AMLQ Holdings (Cay) Ltd. ("AMLQ"), and DT

Holdings, Inc. ("DTH"), and allege as follows:

### INTRODUCTION

1.      This is a cause of action seeking rescission of a contract based on a mutual mistake

of fact.

2.      In connection with an arbitration proceeding to which Terra, Continental Towers,

Peppertree, AMLQ, and DTH, are parties Plaintiffs and Defendants entered into a "Framework

Agreement" regarding the conduct of Adam Schachter and his law firm, Gelber Schachter & Greenberg, who serve as counsel to Defendant Continental Towers.

3.    After several months of operating under that Framework Agreement, it was revealed that the representative of Continental Towers who signed the agreement had mischaracterized his title and role at the company and did not have the authority to enter into it or perform it on behalf of the company.

4.    The other parties to the Framework Agreement, including Plaintiffs, were induced to enter into the agreement by this material mistake of fact.  Plaintiffs never would have agreed to its terms if the true state of affairs were known.

5.    Plaintiffs now respectfully request that this Court use its equitable powers to rescind the Framework Agreement and return the parties to the status quo.

**PARTIES**

6.    Plaintiff Terra Towers is incorporated in the British Virgin Islands and has its principal place of business in Road Town, Tortola, British Virgin Islands. Terra Towers is a shareholder of Defendant Continental Towers, the Company.

7.    Plaintiff Terra TBS is a *Sociedad de Responsabilidad Limitada,* formerly a *sociedad anonima*, organized under the laws of Panama with its principal place of business in Panama City, Panama. Terra TBS is a shareholder of the Company.

8.    Defendant Schachter is an attorney domiciled in the State of Florida. He is a named partner of Defendant GSG.

9.    Defendant GSG is a professional association that renders legal services and is located in the State of Florida and organized under Florida law with its principal place of business in Miami-Dade County, Florida.

2

10.     Defendant Continental Towers, the Company, is incorporated in the British Virgin Islands and has its registered office at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands.

11.     Defendant Peppertree LATAM is a limited liability company organized under the laws of the State of Delaware. Peppertree LATAM is a shareholder of the Company.

12.     Defendant Peppertree TBS is a limited liability company organized under the laws of the State of Delaware. Peppertree TBS is a shareholder of the Company.

13.     Defendant AMLQ is a Cayman Island Exempted Company Limited by Shares. AMLQ is a shareholder of the Company.

14.     Defendant DTH is incorporated in the Republic of Panama. It is a contractual counterparty of the Company.

## JURISDICTION AND VENUE

15.     This is an action for equitable relief within the Court's subject matter jurisdiction pursuant to section 26.012, Florida Statutes.

16.     Venue is proper in Miami-Dade County because the acts or omissions which form the basis for this Complaint occurred in Miami-Dade County. *See* §§ 47.011, 47.051, Fla. Stat.

## FACTS

### The Parties Enter into the Shareholders Agreement and Commence an Arbitration

17.     The Company, Continental Towers, was formed with the purpose of developing, owning, acquiring, and operating telecommunications towers in various locations across Central and South America.

18.     On or about October 22, 2015, Plaintiff Terra and defendants Peppertree, AMLQ, and the Company entered into a Shareholders Agreement.

3

19.     Under the Shareholders Agreement, Terra is a majority shareholder, with a right to appoint two members to the board of the Company.  Peppertree is a minority shareholder, with the right to appoint two members to the board.  AMLQ is also a minority shareholder, with no right to appoint any members to the board.

20.     The Shareholders Agreement provides that an "Executive Team" appointed by the board of directors, consisting of the Company's Chief Executive Officer and Chief Financial Officer, shall supervise and control all of the business and affairs of the Company, subject to the oversight of the board.

21.     The Company's initial CEO, according to the Shareholders Agreement, was Jorge Gaitan Castro ("Gaitan").

22.     As set forth below, although Gaitan was the Company's CEO for a short period of time after his appointment, he ceased to fill that role in 2016.  Nevertheless, in 2021, approximately five years later, he held himself out as the CEO, a misrepresentation that gave rise to the mistake that forms the basis for this lawsuit.

23.     The Shareholders Agreement also contains a dispute resolution clause requiring the parties to submit certain disputes to arbitration.

24.     On February 2, 2021, Peppertree filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association, bearing case number 01-21-0000-4309 (the "Arbitration"). Peppertree brought claims against defendants Terra, DTH, and the Company directors appointed by Terra), and named the Company and AMLQ as "nominal" and "notice" parties, respectively.

25.     On February 19, 2021, Terra filed counterclaims in the Arbitration against defendants Peppertree, AMLQ, and the Company's directors appointed by Peppertree.

4

26.     On or about March 9, 2021, Gaitan, purporting to act on behalf of the Company, retained defendants Schachter and GSG in the Arbitration. Gaitan signed an engagement letter with Schachter and GSG on behalf of the Company.

**The Parties Enter into the Framework Agreement Concerning Schachter and GSG**

27.     On March 19, 2021, Schachter and GSG distributed a letter agreement to all parties to the Arbitration—that is, all Plaintiffs and Defendants here—in which he described the "general framework under which [GSG] will serve as independent counsel for Continental Towers LATAM Holdings Limited" as a nominal party in the arbitration. This letter, hereinafter referred to as the "Framework Agreement," is attached to this Complaint as Exhibit A.

28.     The Framework Agreement stated that Gaitan was the CEO of the Company and that Gaitan had retained Schachter and GSG in that capacity.

29.     It further stated that Schachter and GSG were "engaged to represent the company by Mr. Gaitan, personally," and that they would "be taking our instructions from Mr. Gaitan only." Representatives of the Company could not even have access to invoices from GSG showing the work ostensibly performed by Schachter and his firm. Such information was reserved for Gaitan.

30.     Terra and the defendants executed the Framework Agreement and allowed Schachter and GSG to represent the Company on these terms based on an express understanding that Gaitan was the CEO of the Company and that in such capacity Gaitan had the strongest claim on the authority to engage counsel for the Company. This is what both Gaitan and Schachter represented to the other parties in the Framework Agreement, where they referred to Gaitan as the CEO several times and the title in Gaitan's signature block was "Chief Executive Officer, Continental Towers LATAM Holdings Limited."

5

31.     The parties' understanding of Gaitan's title and role at the Company proved to be a mistake.

## **The Parties Learn that Gaitan Was Not the CEO of the Company When He Retained GSG**

32.     On or around October 19, 2021, Terra learned that Gaitan was not the CEO of the Company when he retained GSG and Schachter to represent the Company.

33.     Instead, Gaitan had been removed as CEO by the board of directors nearly five years prior, and became the COO, on May 16, 2016. A copy of the board resolution removing Gaitan is attached as Exhibit B.

34.     As of March 19, 2021, the date of the Framework Agreement, Gaitan was not a member of the Executive Team defined by the Shareholders Agreement. He did not have any role in fulfilling the Executive Team's duties to "supervise and control all of the business and affairs of the Company."  The statements in the Framework Agreement to the effect that he was the Company's CEO, which the other parties relied upon, did not reflect the true state of affairs of the Company.

35.     On November 22, 2021, based on the mistake of fact that led to execution of the Framework Agreement, Terra sent a letter to Schachter advising him that the Framework Agreement was void and without effect or, alternatively, that Terra withdrew from the Framework Agreement. In its letter, Terra described the mistake the parties had made with respect to Gaitan's position with the Company. Terra requested that GSG immediately withdraw as counsel for the Company in the Arbitration.

36.     As of the date of this Complaint, Schachter and GSG have thus far refused to declare the Framework Agreement void and without effect, and instead have continued to treat it as enforceable.

37.    For example, Schachter refuses to take instruction from any Company representatives, including the CFO—a duly-appointed member of the Executive Team—and refuses to provide records of his billing arrangements and the work he has performed on behalf of the Company to anyone but Gaitan. Schachter's position is that he is accountable only to Gaitan, a position that is based solely on the unenforceable Framework Agreement.

38.    Therefore, Terra's only recourse is to have the Framework Agreement rescinded and declared to be without further force and effect, in order to return the parties to the *status quo*, in which the Company's Executive Team—not including Gaitan, who has no such role—is responsible for retaining and supervising counsel.

## COUNT I – Rescission
### *Against All Defendants*

39.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.    At the time of the Framework Agreement's execution, Plaintiffs and Defendants erroneously believed that Gaitan was the Company's CEO and a member of the Executive Team.

41.    The parties were mistaken.  Gaitan was not the Company's CEO or an Executive Team member, and therefore could not retain counsel for the Company and enter into the Framework Agreement, nor could he be solely responsible for supervising counsel pursuant to that agreement.

42.    This mutual mistake of fact was material to the Framework Agreement because it was executed in reliance of the fact that Gaitan was the CEO of the Company and an Executive Team member, and therefore had the capacity to engage GSG and Schachter and fulfill the obligations of the Framework Agreement on behalf of the Company.

43.    Had Plaintiffs known the true facts prior to executing the Framework Agreement,

this agreement would not have been consummated by Plaintiffs.

44.    Upon information and belief, this mutual mistake of material fact was the result of the unconscious ignorance of the parties at the time of the execution of the Framework Agreement, and it was not the result of a conscious lack of knowledge on their part.

45.    In the alternative, to the extent any of the Defendants were aware that Gaitan was not the CEO of the Company, the Framework Agreement should be voided on the grounds of unilateral mistake of fact induced by Defendants (who had knowledge of the mistake).

46.    The mistake as to Gaitan's position in the Company did not result from negligence or want of due care on the part of Plaintiffs.

47.    In the alternative, Gaitan and Schachter knew that Gaitan was not the CEO of the Company at the time they entered into the Framework Agreement, yet represented to the Plaintiffs that he was the CEO, thereby intentionally misleading Plaintiffs into joining the Framework Agreement.

48.    Under these circumstances, it would be inequitable to compel Plaintiffs to continue to be bound by the Framework Agreement.

49.    Defendants' position has not changed so substantially since the execution of the Framework Agreement that granting a rescission would be unjust to defendants.

50.    Indeed, it is Plaintiffs who have been harmed due to Defendants' efforts to enforce the Framework Agreement, in an amount to be awarded in restitution at trial.

**COUNT II – Injunctive Relief**
*Against Defendants GSG and Schachter*

51.    Plaintiffs reallege and reincorporate paragraphs 1 through 38 of this Complaint as it fully set forth herein.

52.    The Framework Agreement is unenforceable based on mutual mistake or, in the

alternative, unilateral mistake or fraud in the inducement.

53.     Because the Framework Agreement is unenforceable, Defendants GSG and Schachter have no authority to represent the Company at Gaitan's direction.

54.     Schachter and GSG should be enjoined from taking any further direction from Gaitan pursuant to the Framework Agreement.

55.     Terra has been irreparably injured, and absent an injunction, will continue to be injured by GSG and Schachter's illegitimate representation of the Company. This ongoing injury cannot be cured with money damages.

56.     It is in line with Florida's public policy to bar Schachter and GSG from taking any further instruction from Gaitan.

**WHEREFORE**, Plaintiffs Terra Towers Corp. and TBS Management, S.A. respectfully request that this Court enter judgment in favor of plaintiffs and award the following relief:

a.  rescission of the Framework Agreement and a ruling that it is void and unenforceable due to material mistake of fact;

b.  an order enjoining Schachter and GSG from taking any further instructions from Gaitan pursuant to the unenforceable Framework Agreement or any agreement between Schachter, GSG, and the Company;

c.  restitution in an amount to be determined at trial; and

d.  such other relief as the Court deems just and proper.

Dated: March 7, 2022                    Respectfully submitted,

THE LAW OFFICES OF
JOHN F. BAUGHMAN, PLLC
299 Broadway, Suite 1816
New York, New York 10007
Telephone: (212) 548-3212

*/s/ John F. Baughman*
John F. Baughman*
Email: jbaughman@jfblegal.com
George W. Kroup*
Email: gkroup@jfblegal.com
***Application for pro hac vice forthcoming*

**CAREY RODRIGUEZ MILIAN, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

*/s/ Juan J. Rodriguez*
Juan J. Rodriguez
Fla. Bar No. 613843
Email: jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
Fla. Bar No. 1018836
Email: jhernandez@careyrodriguez.com

# **<u>Exhibit A</u>**

# Gelber Schachter & Greenberg

Adam M. Schachter
Direct: (305) 728-0952
E-mail: aschachter@gsgpa.com

SunTrust International Center
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950

March 19, 2021

*Via E-mail*

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com

Allan A. Joseph
ajoseph@fidjlaw.com

RE:    *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*,
AAA Case No. 01-21-0000-4309

Dear Counsel:

After careful consideration, I have come up with the following general framework under which my firm will serve as independent counsel for Continental Towers Latam Holdings Limited. Needless to say, this framework is not expected to address every possible scenario and circumstance that may arise during the course of this case, but I do believe it sets forth a fair process for allowing my firm to represent the company's interests as a nominal party, while also allowing the actual parties the necessary space to present their arguments to the tribunal. Also, as a practical matter, if (and perhaps when) a situation arises that is not contemplated by this framework, you all have my firm commitment to address any such issue in a manner that is in the company's best interest.

First, in agreeing that my firm will serve in this role, all parties and their counsel would be expressly reserving everything and waiving nothing, both with respect to the company's future role and legal representation in the arbitration, as well as with respect to all claims, counterclaims, arguments, defenses, etc. in the arbitration. The parties' full reservation of rights would also apply in the event my firm is no longer representing the company, and also if Jorge Gaitán is no longer CEO of the company.

Second, my firm will be reporting to Mr. Gaitán directly and we will be taking our instructions from Mr. Gaitán only. In that regard, Mr. Gaitán will be acting independently and in the best interest of the company. As I indicated in a prior email to all of you, my firm was engaged to represent the company by Mr. Gaitán, personally. That decision was made by him alone, without any outside influence, and through a process designed to ensure that my firm is not beholden to any of the parties in this case, and will only act in the best interest of the company for the benefit

March 19, 2021
Page 2

of all of its stakeholders. I can also confirm that neither I nor my firm have previously represented, and we are currently not representing, any of the parties to this arbitration, or any individual or entity affiliated with any of the parties to this arbitration (setting aside, of course, my current independent representation of the company in this proceeding). Furthermore, in the event Mr. Gaitán is no longer CEO of the company, I may ask the parties to agree on a person or persons who may fill his role, and, if there is no such agreement, I may ask for guidance from the arbitration panel or a court (and, as set forth above, all parties' rights will have been reserved).

Third, with respect to the various claims and counterclaims in the arbitration, the company intends to preserve its status as a nominal and neutral party and will not be aligned with any of the parties in this case—stated differently, on the substantive issues in dispute, the company will likely take no position and will generally defer to the parties to make their arguments.

Fourth, with respect to any requests for documents, testimony, or other information from the company, the company intends to comply with all applicable procedures and rules, and of course will comply with any rulings from the tribunal. Also, to the extent there are any disputes between the parties with respect to any requests to the company for documents, testimony, or other information, the company will again strive to maintain neutrality. Thus, for example, if there are no objections from any parties to a specific request directed to the company, the company will provide the requested information to all parties in a reasonable manner, to the extent it has any such information in its possession, custody, or control. On the other hand, if there are any objections to any specific requests, the company will likely defer to the parties to present their arguments to the tribunal, and the company will then comply with the tribunal's ruling. Mr. Gaitán will also fully cooperate with the parties' requirements for his participation before the tribunal. I can also confirm that my firm has issued a document retention and preservation memorandum to the company, and that memorandum has been disseminated by Mr. Gaitán.

Fifth, I am requesting that all communications and requests to the company concerning the arbitration should be directed to my firm through the parties' respective legal counsel. It is my strong preference that all communications in this case should be through counsel. However, in the unlikely event my firm needs to communicate directly with any shareholders or directors regarding any material developments regarding the company or this case, I will do so only with all parties and their counsel at the same time and on the same communication.

Sixth, and finally, with respect to my firm's invoices, the invoices will be paid by the company in the normal course pursuant to the terms of my firm's engagement agreement with the company. Because my firm's invoices may contain privileged information, I will provide all parties' counsel with redacted invoices showing the amounts billed and paid. My firm's unredacted invoices will be shared with Mr. Gaitán only, and he will not be sharing them with anyone else, including any other representatives of the company.

Once again, I believe the framework set forth above should allow for a full and fair resolution of all issues pertaining to the company and its legal representation in this arbitration. To avoid any confusion on these issues, I ask that all of the parties, through counsel, sign below indicating their understanding and approval of the framework set forth above. Mr. Gaitán will also sign in his capacity as CEO of the company. After we have sign-off from everyone, I will email

March 19, 2021
Page 3

Luis Martinez at the AAA notifying him of the parties' agreement on my firm serving as independent counsel for the company and advising that the arbitration should move forward.

     As always, I am happy to discuss any of these issues with any of you. And I look forward to working collaboratively and cooperatively with all of you.

     Sincerely,

     Adam M. Schachter

cc: Jorge Gaitán

*SIGNATURE LINES ON THE FOLLOWING PAGE*

March 19, 2021
Page 4

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,*
*TBS Management, S.A. and DT*
*Holdings Inc.*

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom*
*Business Solution, LLC,*
*Latam Towers, LLC, F.*
*Howard Mandel, John*
*Ranieri, and Ryan Lepene*

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)*
*Ltd.*

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and*
*Alberto Arzú*

March 19, 2021
Page 4

_____
Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

_____
Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

_____
Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

_____
Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

_____
Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzú*

March 19, 2021
Page 4

_____

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

_____

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

_____

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

_____

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

_____

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzú*

March 19, 2021
Page 4

_____
Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

_____
Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

_____
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

_____
Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzu*

March 19, 2021
Page 4

---

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,*
*TBS Management, S.A. and DT*
*Holdings Inc.*

---

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom*
*Business Solution, LLC,*
*Latam Towers, LLC, F.*
*Howard Mandel, John*
*Ranieri, and Ryan Lepene*

---

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)*
*Ltd.*

---

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

---

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and*
*Alberto Arzú,* DT HOLDINGS

---

# **<u>Exhibit B</u>**

**CONTINENTAL TOWERS LATAM HOLDINGS LIMITED**
**(the "Company")**

**WRITTEN RESOLUTIONS OF THE DIRECTORS**

The undersigned, being all the directors of the Company, a business company whose registered office is at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands, pursuant to the authority to act without a meeting conferred by the Company's articles of association, hereby consent to the following actions and adopt the resolutions set out below. Capitalized terms not defined herein shall have the meanings given to them in the Shareholders Agreement (as defined below).

**WHEREAS**, the Company is party to that certain Shareholders Agreement (the "**Shareholders Agreement**"), dated as of October 22, 2015, by and among the Company, Terra Towers Corp., LATAM Towers, LLC, AMLQ Holdings (Cay) Ltd., TBS Management, S.A., and Telecom Business Solution, LLC;

**WHEREAS**, pursuant to Section 4.06 of the Shareholders Agreement, the Board may appoint the members of the Management Team;

**WHEREAS**, each director believes that it is in the best interests of the Company to appoint Alberto Arzu as the Chief Executive Officer of the Company and Jorge Gaitán Castro as the Chief Operating Officer of the Company;

**WHEREAS**, each director notes that Alberto Arzu is a director of the Company and should therefore be regarded as interested in his appointment as Chief Executive Officer of the Company; and

**WHEREAS**, each director also notes that, under the Company's articles of association and the BVI Business Companies Act, a director of the Company who is interested in a transaction entered into, or to be entered into, by the Company may vote on a matter relating to the transaction, sign a document on behalf of the Company, or do any other thing in the person's capacity as director that relates to the transaction.

**NOW, THEREFORE, BE IT RESOLVED**, that Alberto Arzu and Jorge Gaitán Castro be, and hereby are, appointed Chief Executive Officer and Chief Operating Officer, respectively, of the Company;

**FURTHER RESOLVED**, that the initial appointment of Juan Francisco Quisquinay as Chief Financial Officer of the Company be, and hereby is, ratified and confirmed;

**FURTHER RESOLVED**, that all actions heretofore taken on behalf of the Company by Alberto Arzu, in his capacity as Chief Executive Officer, and Jorge Gaitán Castro, in his capacity as Chief Operating Officer, are hereby in all respects approved, adopted, ratified and confirmed;

**FURTHER RESOLVED**, that all actions heretofore taken by the directors and officers of the Company with respect to the foregoing resolutions are hereby in all respects approved, adopted, ratified and confirmed; and

**FURTHER RESOLVED**, that any director or officer of the Company, acting singly, be and is hereby authorized to execute (under the common seal of the Company if appropriate) and deliver on behalf of the Company from time to time any and all documents whatsoever, and do any and all things whatsoever (including filing any documents necessary or appropriate with the relevant authorities), as such director or officer in his or her sole discretion determines appropriate in connection with any of the foregoing resolutions and/or the matters contemplated thereby, such determination to be conclusively evidenced by any such execution or the taking of any such action by such person or persons and, further, that the execution and delivery of any and all documents whatsoever, and the taking of any and all actions whatsoever, by any director or officer of the Company on behalf of the Company in connection with the subject matter of these resolutions prior to the date hereof be and are hereby approved, ratified and confirmed.

*[Signature page follows]*

**R-51_001**

**Signatures**

......................................................    ......................................................
**Jorge Hernandez Ortiz**                                **Alberto Arzu**

Date: May 16, 2016                                       Date: May 16, 2016


......................................................    ......................................................
**F. Howard Mandel**                                     **Ryan D. Lepene**

Date: ..............................................     Date: ..............................................

**R-51_002**

**Signatures**

......................................................                    ......................................................
**Jorge Hernandez Ortiz**                                              **Alberto Arzu**

Date: ............May 16, 2016...................                     Date: ......................................................


......................................................                    ......................................................
**F. Howard Mandel**                                                   **Ryan D. Lepene**

Date: ......................................................          Date: ......................................................


Text

R-51_003

**Signatures**

...................................................        ...................................................
**Jorge Hernandez Ortiz**                                **Alberto Arzu**

Date: ...........................................        Date: ...........................................


...................................................        ...................................................
**F. Howard Mandel**                                     **Ryan D. Lepene**
Date: ...... May 16, 2016 ...................             Date: ...... May 16, 2016 ...................

R-51_004