August 5, 2022

| | |
|---|---|
| Gregg L. Weiner<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036 | Stephanie A. Casey<br>Colson Hicks Eidson, P.A.<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida 33134 |

Michael N. Ungar
Ulmer & Berne LLP
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    ***Terra Towers Corp. et al v. Gelber Schachter & Greenberg, P.A. et al***
             Civil Action No. 1:22-cv-06150-LAK

Your Honor:

    We represent Defendants Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"); and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ"), and Defendants Adam M. Schachter ("Mr. Schachter"), and Gelber Schachter & Greenberg, P.A. ("GSG," together with Mr. Schachter and Peppertree/AMLQ, the "Moving Parties"), in the above-captioned case ("Case II"). We write with respect to the Moving Parties' pending motions in Case II.

    On July 18, 2022, Judge Robert N. Scola, Jr. of the United States District Court for the Southern District of Florida ordered that Case II be transferred to the Southern District of New York, where Peppertree/AMLQ's and Respondents'[1] cross-petitions to confirm and vacate the arbitration tribunal's (the "Tribunal") Partial Final Award and certain other orders are pending before this Court in the case captioned, *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 1:22-cv-01761-LAK (S.D.N.Y.) ("Case I"). Dkt. 66. On July 25, 2022, Case II was assigned to Your Honor and designated as "related" to Case I.

    Now pending before this Court in Case II are the Moving Parties' Motion to Compel Arbitration and Dismiss the Complaint or, in the Alternative, Stay the Proceedings Pending Arbitration ("Motion to Compel Arbitration"), Dkt. 17, and Motions to Dismiss the Complaint

---

[1] "Respondents" refers to Terra Tower Corp. and TBS Management, S.A. (collectively, "Terra") and DT Holdings, Inc.

Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "12(b)(6) Motions"), Dkts. 6, 12, 13.[2] As explained more fully in the Motion to Compel Arbitration, Case II is nothing more than an improper end-run around the adverse award of the Tribunal in the ongoing arbitration. Significantly, in a unanimous written, reasoned award issued in the arbitration, the Tribunal has already considered—and rejected—the very same theory that Respondents advance in Case II. Nonetheless, Respondents are improperly attempting to undermine the Tribunal's authority by seeking the relief in Case II that was denied in the arbitration.[3] For this reason, Case II belongs in arbitration. Accordingly, the Moving Parties respectfully request that their Motion to Compel Arbitration be considered in the first instance (which, if granted, would obviate the need for the Court to reach the pending 12(b)(6) Motions).

\* \* \*

Thank you for your consideration. We will, of course, make ourselves available should this Court wish to schedule a status conference regarding the pending motions.

---

[2] The transfer of venue to New York has rendered Peppertree's and AMLQ's Motions to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), Dkts. 12, 13, moot because Peppertree and AMLQ have consented to jurisdiction in this Court.

[3] Respondents' motion for leave to amend the complaint, Dkt. 35, is more of the same. As set forth in the Moving Parties' response to the motion for leave to amend, Dkt. 36, the Respondents' proposed amended complaint—in addition to being a bad faith filing—is also futile because, among other fundamental pleading deficiencies, the proposed underlying allegations are subject to arbitration, the Tribunal has determined they are arbitrable, and, indeed, they are currently being arbitrated.

Respectfully submitted,

/s/ *Michael N. Ungar*
Michael N. Ungar

*Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC*

/s/ *Gregg L. Weiner*
Gregg L. Weiner

*Counsel for AMLQ Holdings (Cay), Ltd.*

/s/ *Stephanie A. Casey*
Stephanie A. Casey

*Counsel for Adam Michael Schachter and Gelber Schachter & Greenberg, P.A.*

CC: All Counsel of Record