**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TERRA TOWERS CORP., *et al.*, Plaintiffs, v. ADAM MICHAEL SCHACHTER, *et al.*, Defendants. | X : : : : : : : : : X | Civil Action No.: 1:22-cv-06150 |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING PARTIES' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d), Defendants Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ"); and Defendants Adam M. Schachter ("Mr. Schachter") and Gelber Schachter & Greenberg, P.A. ("GSG," together with Mr. Schachter and Peppertree/AMLQ, the "Moving Parties") respectfully move for leave to file under seal the Moving Parties' August 22, 2022 Letter to the Court (the "August 22 Letter"), which quotes from and substantively discusses a confidential arbitration award issued on August 12, 2022 (the "Second Partial Final Award") in the American Arbitration Association matter of *Telecom Business Solution, LLC et al. v. Terra Towers Corp. et al.*, AAA Case No. 01-21-0000-4309 (the "Arbitration").[1]

[1] On August 17, 2022, in the related case, *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 1:22-cv-01761-LAK (S.D.N.Y.) ("Case I"), this Court ***granted*** Peppertree/AMLQ's motion for leave to seal their August 16, 2022 letter to the Court discussing and attaching the Second Partial Final Award on the same grounds presented here. *See* Case I, ECF No. 68.

## BACKGROUND

The Arbitration involves claims and counterclaims between the majority and minority shareholders of a company, Continental Towers LATAM Holdings, Limited ("Continental" or the "Company"), whose business is the development and operation of telecommunications towers in Central and South America.

In a procedural order issued in August 2021, the Tribunal of the Arbitration ordered:

> The Parties shall treat the details of the Arbitration as private and confidential, except to the extent necessary to comply with mandatory applicable laws, including regulatory obligations, court orders, or orders of a regulatory or an administrative body, or to comply with obligations to insurers, auditors, accountants, or investors. In such cases, the disclosure shall not extend beyond what is legally required and any non-governmental recipients shall commit to maintain the information in confidence.

Procedural Order No. 2, ¶ 22 (Case I, ECF No. 6-1) (the "Confidentiality Order"). This order is consistent with the underlying shareholders agreement (the "Shareholders Agreement"), under which the parties agreed not to disclose any confidential information disclosed to it by another shareholder or the Company, subject to limited exceptions. *See* Case I, ECF No. 9-1, § 6.03.

## ARGUMENT

The Moving Parties seek to file their August 22 Letter under seal in an abundance of caution in the event that Plaintiffs[2] contend that any information in the Second Partial Final Award is confidential and should be sealed, given the Confidentiality Order governing the Arbitration and the confidentiality provisions of the parties' Shareholders Agreement. *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009) (sealing arbitration documents subject to an arbitrator's confidentiality order). Undersigned counsel will promptly confer with Plaintiffs' counsel on this issue and make the August 22 Letter part of the

[2] "Plaintiffs" refers to Plaintiffs Terra Towers Corp. and TBS Management, S.A.

public record in this case provided Plaintiffs agree that sealing the Second Partial Final Award, and any discussion thereof, is unnecessary. Should Plaintiffs contend that sealing remains appropriate, they will be free to petition the Court to that effect.

## CONCLUSION

Accordingly, the Moving Parties respectfully request that this Court grant their motion for leave to file their August 22 Letter under seal.

Dated: August 22, 2022

Respectfully submitted,

By: */s/ Katherine M. Poldneff*
Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Gregory C. Djordjevic
(admitted *pro hac vice*)
**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax: (216) 583-7001
mungar@ulmer.com
kpoldneff@ulmer.com
gdjordjevic@ulmer.com

David A. Landman
**ULMER & BERNE LLP**
275 Madison Avenue, Suite 2002
New York, New York 10016-1138
Phone: (917) 262-0470
Fax: (917) 262-0480
dlandman@ulmer.com

*Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC*

By: */s/ Gregg L. Weiner*
Gregg L. Weiner
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax: (212) 596-9090
gregg.weiner@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
Katherine M. McDonald
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax: (617) 951-7050
daniel.ward@ropesgray.com
katherine.mcdonald@ropesgray.com

*Counsel for AMLQ Holdings (Cay), Ltd.*

By: */s/ Roberto Martínez*
Roberto Martínez
(*pro hac vice* application pending)
Stephanie A. Casey
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
bob@colson.com
scasey@colson.com

*Counsel for Adam Michael Schachter and Gelber Schachter & Greenberg, P.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 22, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

*<u>/s/ Gregg L. Weiner</u>*
Gregg L. Weiner

*Counsel for AMLQ Holdings (Cay), Ltd.*